**Corinna Spencer-Scheurich**, OSB #130147
corinna@nwjp.org
Northwest Workers' Justice Project
812 SW Washington, Suite 1100
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

**D. Michael Dale**, OSB #771507
michaeldale@dmichaeldale.net
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, OR 97113
Telephone: (503) 357-8290
Facsimile: (503) 946-3089

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **FERNANDO GARCIA MACIEL**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**MCFARLAND CASCADE POLE & LUMBER COMPANY,** a foreign business corporation, **MCFARLAND CASCADE HOLDINGS, INC.,** a foreign business corporation, and **STELLA-JONES CORPORATION,** a foreign business corporation<br><br>Defendants. | Case No.: 6:16-cv-854-MC<br><br>**FIRST AMENDED COMPLAINT**<br><br>**Unlawful Employment Practices (42 U.S.C. § 2000e *et seq.*; ORS § 659A.030(1)(a), (b); ORS § 659A.040; ORS § 659A.199)  Injunctive Relief**<br><br>**DEMAND FOR JURY TRIAL** |

### I. INTRODUCTION

1.     Fernando Garcia Maciel ("Plaintiff") brings this action against his former employers McFarland Cascade Pole & Lumber Company, McFarland Cascade Holdings, Inc, and Stella-Jones Corporation ("Defendants") for violating 42 U.S.C. § 2000e *et seq* and under ORS §

Page 1 – FIRST AMENDED COMPLAINT

659A.030(1)(a), (b), ORS § 659.040, and ORS § 659A.199. Mr. Garcia Maciel was discriminated against based on his race and/or national origin, for applying for benefits or invoking/utilizing the procedures provided for under the state workers' compensation system, and for reporting the illegal activities of a co-worker who physically attacked Mr. Garcial Maciel. Mr. Garcia Maciel seeks injunctive relief as well as economic and noneconomic damages and attorney fees and costs.

## II. JURISDICTION

2. This Court has jurisdiction of this action pursuant to the following:

    a. 28 U.S.C. §1331, as this action arises under the laws of the United States;

    b. 28 U.S.C. §1337, as this action arises under Acts of Congress governing commerce;

    c. 42 U.S.C.A. § 2000e, as this action arises under laws providing for the equal protection under Title 7, which prohibits discrimination based upon race and national origin;

    d. 28 U.S.C. §1343, as this action arises under laws providing for equal protection; and

    e. 28 U.S.C. §1367, as the state claims are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

## III. PARTIES

3. Plaintiff Fernando Garcia Maciel is a natural person and resides in Eugene, Oregon.

4. Defendant McFarland Cascade Pole & Lumber Company is a Washington business corporation registered and doing business in the state of Oregon.

5. Defendant McFarland Cascade Holdings, Inc. is a Washington business corporation registered and doing business in the state of Oregon.

6.  Defendant Stella-Jones Corporation is a Delaware business corporation registered and doing business in the state of Oregon.

## IV. FACTS

7.  Mr. Garcia Maciel is a Latino of Mexican national origin.

8.  At all times relevant to this complaint, Defendants operated as utility pole suppliers with a facility in Eugene, Oregon.

9.  Mr. Garcia Maciel worked for Defendants at their Eugene facility, first as a temporary employee in June 2013, and then was hired as a permanent employee in September 2013.

10. Defendants jointly employed Mr. Garcia Maciel as a laborer who finished utility poles that Defendants sold.

11. Throughout his employment, Mr. Garcia Maciel was subjected to severe and pervasive ethnic slurs by his co-workers, including Chris Johnson, James Peterson, and Chris Sheridan, and was routinely told that he should return to Mexico. These statements were unwelcomed and offensive.

12. In addition, Mr. Garcia Maciel's co-workers, including some that acted anonymously, harassed him by throwing things at him, by threatening to beat him up, by tampering with and hiding his tools, and by tampering with his food. This treatment was because of Mr. Garcia Maciel's race and/or national origin.

13. Mr. Garcia Maciel complained to his supervisors, Nick Horner and Bob Campbell, about the race/national origin-based harassment.

14. Horner and Campbell failed to take action to stop or curb the harassment.

15. In June 2014, Mr. Garcia Maciel injured an ankle while on the job. He reported the injury to Mr. Campbell, but was ordered back to work without medical treatment and without being given an opportunity to report the injury to the workers compensation insurance carrier.

16. On September 10, 2014, as part of the ongoing harassment, Mr. Sheridan struck Mr. Garcia Maciel in the back with a wooden pole, causing injury. Mr. Garcia Maciel reported the attack, the injury and the criminal nature of the act to Mr. Campbell.

17. Mr. Garcia Maciel reported to work the next day, but informed Mr. Campbell that he was pain and in need of medical treatment. Mr. Campbell and Nick Reiniff, Stella-Jones manager, attempted to stop or delay Mr. Garcia Maciel from going to see a doctor.

18. Mr. Garcia Maciel was treated at the hospital and, while there, filed a workers' compensation claim form. Mr. Garcia Maciel was instructed not to work until Saturday, September 13, 2014 and to follow up with his primary care provider on Monday, September 15, 2014.

19. On September 12, 2014, Mr. Garcia Maciel provided the doctor's instructions to Mr. Campbell and received permission to go to the doctor on September 15th.

20. On September 15, 2014, Mr. Garcia Maciel went to the doctor, where he was given a note excusing him from work until September 29, 2014.

21. On September 16, 2014, Mr. Garcia Maciel went to work to give Defendants the doctor's note. Mr. Reniff told Mr. Garcia Maciel that he was fired for violating Defendants' rules. Mr. Reniff did not tell Mr. Garcia Maciel which rules he supposedly violated.

22. Mr. Garcia Maciel was subjected to a hostile and abusive workplace and terminated because of his race and/or national origin and for reporting and complaining about the hostile workplace.

23.     Defendants fired Mr. Garcia Maciel for filing a claim for workers' compensation or otherwise invoking or utilizing the workers' compensation procedures.

24.     Defendants fired Mr. Garcia Maciel for reporting the criminal activity of Mr. Sheridan's attack of Mr. Garcia Maciel on Defendants' worksite.

25.     Mr. Garcia Maciel timely filed a complaint with the Oregon Bureau of Labor and Industries, which issued notice of a right to file suit on February 17, 2016.

26.     Additionally, Mr. Garcia Maciel received a notice of a right to sue from the Equal Employment Opportunity Commission regarding his claims of racial and national origin discrimination on March 14, 2016.

27.     Had Defendants not unlawfully discharged Mr. Garcia Maciel, he would have continued to work as an employee of Defendants.

28.     As a result of Defendants' conduct as alleged herein, Mr. Garcia Maciel suffered emotional distress, embarrassment, humiliation, anxiety, and pain and suffering.

29.     Mr. Garcia Maciel has no adequate remedy at law for his wrongful termination.

## V. CLAIMS FOR RELIEF

**(First Claim – Title VII: Federal Race/National Origin Discrimination)**

30.     Defendants violated 42 U.S.C. § 2000e *et seq*. by discriminating and retaliating against Mr. Garcia Maciel because of his national origin and/or race by discharging him in retaliation for his opposition to unlawful harassment.

31.     Defendants violated 42 U.S.C. § 2000e-2(a)(1) by discriminating against Mr. Garcia Maciel with respect to his compensation, terms, conditions, and/or privileges of employment because of race and/or national origin by subjecting him to a hostile or offensive work environment, discriminatory discipline, and discharge.

Page 5 – FIRST AMENDED COMPLAINT

32. Plaintiff seeks injunctive relief, back pay, compensatory damages and attorney fees and costs for the violation of rights protected by 42 U.S.C. § 2000e-2 under 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1981A.

**(Second Claim –ORS § 659A.030: Oregon Race/National Origin Discrimination)**

33. Defendant violated ORS 659A.030(1)(a), (b) by discriminating and retaliating against Mr. Garcia Maciel based on his national origin and/or race by discharging him in retaliation for his opposition to unlawful harassment.

34. Defendants violated ORS 659A.030 by discriminating against Mr. Garcia Maciel with respect to his compensation, terms, conditions, and/or privileges of employment because of race and/or national origin by subjecting him to a hostile or offensive work environment, discriminatory discipline, and discharge.

35. Plaintiff seeks injunctive relief, back pay, compensatory damages, attorney fees and costs for the violation of rights protected by ORS 659A.030 under ORS 659A.885.

**(Third Claim –ORS § 659A.040: Discrimination against Injured Workers)**

36. Defendants violated ORS § 659A.040 by discriminating and retaliating against Mr. Garcia Maciel for applying for benefits and/or invoking or utilizing the Oregon Workers' Compensation procedures by discipline and discharge.

37. Plaintiff seeks injunctive relief, back pay, compensatory damages, attorney fees and costs for the violation of rights protected by ORS 659A.040 under ORS 659A.885.

**(Fourth Claim –ORS § 659A.199: Violation of Oregon Whistleblower Law)**

38. Defendants violated ORS § 659A.199 by discriminating and retaliating against Mr. Garcia Maciel for reporting what he believed in good faith to be violations of criminal law with

respect to the physical attack on him by a co-worker and by subjecting him to discipline and discharge.

39. Plaintiff seeks injunctive relief, back pay, compensatory damages, attorney fees and costs for the violation of rights protected by ORS 659A.199 under ORS 659A.885.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court provide the following relief:

1. Enjoin Defendants and order reinstatement of Plaintiff to his former position with Defendants, or, in the alternative, award appropriate front pay;

2. Award Plaintiff his economic damages;

3. Award Plaintiff compensatory damages;

4. Award Plaintiff damages for emotional distress, mental anguish, loss of enjoyment of life and humiliation;

5. Award Plaintiff his attorneys' fees, costs, and expenses;

6. Award post-judgment interest on all claims; and

7. Award Plaintiff such other and further relief as the Court deems just.

DATED this 15th day of July, 2016.

>s/ Corinna Spencer-Scheurich
>**Corinna Spencer-Scheurich**, OSB #130147
>corinna@nwjp.org
>Of Attorneys for Plaintiff